IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE:   MARILYN JAMES HAWKINS, | § § | |
| Debtor. | § § | Case No. 14-70007-HDH13 |
| JPMORGAN CHASE BANK, N.A., | § § | |
| Movant, | § § | |
| vs. | § § § | A Hearing on the Motion for Relief from the Automatic Stay: July 16, 2014 at 10:00 a.m. (Live Docket) |
| MARILYN JAMES HAWKINS, | § | |
| Respondent. | § | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND WAIVER OF THIRTY-DAY LIMITATION**

TO THE HONORABLE HARLIN DEWAYNE HALE, U. S. BANKRUPTCY JUDGE:

COMES NOW JPMorgan Chase Bank, N.A. (hereafter "Bank"), complaining of Marilyn James Hawkins ("Debtor") and for cause of action would respectfully show the Court as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 157 and 11 U.S.C. § 362. This is a core proceeding.

2. Bank is a corporation doing business in Texas.

3. Debtor may be served at 3810 Stonegate Dr., Wichita Falls, TX 76310, which is the Debtor's address set forth in her filings with this Court.

4. Debtor filed a petition pursuant to Chapter 13 of Title 11 on or about January 16, 2014. An order for relief was subsequently entered.

5. Bank is a secured creditor of the above-referenced Debtor by virtue of a security interest in a 2008 Pontiac Vibe, Vehicle Identification Number 5Y2SL65818Z423985.

6. Debtor is obligated under the terms of the Chapter 13 Plan to pay Bank directly. The monthly payments are $314.07 each. At the time of this filing, the account is due for the February 13, 2014 payment and all payments due since that time.

7. Bank is owed the balance amount of $5,254.72, with regard to the vehicle.

8. But for the automatic stay, Bank could and would foreclose its lien on the collateral in which it holds a security interest.

9. Bank does not have, and Debtor is not able to offer, adequate protection of Bank's interest in the collateral securing Bank's debt.

10. Cause exists to terminate the automatic stay because of Debtor's failure to comply with the requirements of Chapter 13.

11. Further cause may exist to terminate the automatic stay if the vehicle is not properly insured. Bank hereby demands proof of insurance.

12. Because the collateral described herein depreciates and may not be insured, any order either terminating or conditioning the automatic stay should be effective immediately and there should be no stay after entry of the order.

WHEREFORE, PREMISES CONSIDERED, Bank prays for:

1. An order of this Court granting Bank relief from the automatic stay imposed pursuant to 11 U.S.C. § 362;

2. An order of this Court authorizing Bank to take immediate possession of the collateral which is the subject of this Motion and foreclose its lien on the collateral without further notice to the Debtor(s), the Trustee, or any other party in interest and authorizing Bank to obtain all writs and

other Court orders necessary to obtain possession of its collateral if it is not voluntarily surrendered by Debtor;

3. In the alternative, an order of this Court requiring Debtor to provide Bank with adequate protection of its interest in the collateral;

4. An order of this Court that any order entered with regard to this Motion is binding on Debtor in the event of a conversion of this case and on all successors in interest including, but not limited to, any Trustee appointed upon the conversion of this case.

5. An order of this Court finding that any order entered with regard to this Motion should be effective immediately upon its entry and should not be stayed following entry of said order; and

6. For such other and further relief, both general and specific, to which Bank may show itself justly entitled.

> Respectfully submitted,
> /s/ John W. Mee III (Date: June 2, 2014)
> JOHN W. MEE III
> Oklahoma State Bar Number 013915
> MEE MEE HOGE & EPPERSON PLLP
> 50 Penn Place
> Oklahoma City, Oklahoma 73118
> Telephone:  (405) 848-9100
> Facsimile:   (405) 848-9101
> jwm3@meehoge.com
> AND
> Stephen G. Wilcox
> State Bar Number 21454300
> BASSEL & WILCOX, P.L.L.C.
> P.O. Box 11509
> Fort Worth, Texas 76110-0509
> (817) 870-1694 Telephone
> (817) 870-1181 Facsimile
> swilcox@basselwilcox.com

ATTORNEYS FOR JPMORGAN<br>CHASE BANK, N.A.

### NOTICE REGARDING REQUIRED ANSWER

**THIS SHALL SERVE AS NOTICE TO YOU THAT PURSUANT TO RULE 4001 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR MUST FILE AN ANSWER TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN FOURTEEN (14) DAYS FROM THE SERVICE OF THE MOTION.*  THE DEBTOR'S ANSWER SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.  IF THE DEBTOR DOES NOT FILE AN ANSWER AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

*Under Bankruptcy Rule 9006(e), service by mail is completed upon mailing; under Bankruptcy Rule 9006(f), three (3) days are added to the period for answer or other response when service is by mail.

### CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that prior to filing of this Motion, I did the following:

1. Conferred with Debtor's counsel's office pursuant to District Court Local Rule 7.1(a) and N.D. TX L.B.R. 9014.1(c)(1).

2. Debtor's counsel's office advised that Debtor opposes Bank's Motion.

/s/ John W. Mee III (Date: June 2, 2014)<br>JOHN W. MEE III

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for Relief from the Automatic Stay was served electronically on participants in the CM/ECF system and was served by FIRST CLASS MAIL, POSTAGE PREPAID on June 2, 2014, to the following:

DEBTOR:
Marilyn J. Hawkins
3810 Stonegate Dr.
Wichita Falls, TX 76310

and by ELECTRONIC FILING on:

DEBTOR'S ATTORNEY:
Monte J. White
Monte J. White & Associates, P.C.
1106 Brook Avenue
Hamilton Place
Wichita Falls, TX 76301

TRUSTEE:
Walter O'Cheskey
6308 Iola Avenue
Lubbock, TX 79424

Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, Texas 75242

/s/ John W. Mee III (Date: June 2, 2014)
JOHN W. MEE III

## SUMMARY OF EXHIBITS

1. Vehicle Retail Installment Sales Contract dated April 14, 2010, on a 2008 Pontiac Vibe, Vehicle Identification Number 5Y2SL65818Z423985.

2. Certificate of Title on a 2008 Pontiac Vibe, Vehicle Identification Number 5Y2SL65818Z423985.

*Copies of Exhibits are available by written request to:

Sandra Robertson, Legal Assistant
Mee Mee Hoge & Epperson PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118